ATTACHED MOTION AND AFFIDAVIT

Mandamus Proceeding MANDAMUS NO. 01-15-00658-CV

NO. 01-15-00677-CR  MANDAMUS NO. 01-15-00657-CV

APPEAL NO. 01-15-00645-CV and

5 Proceedings  APPEAL NO. 01-15-00448-CV

TRIAL COURT CAUSE NO. 2015-08974

Court of Appeals

First District of Texas

FILED IN
1ST COURT OF APPEALS
HOUSTON, TEXAS
AUG 06 2015
CHRISTOPHER A. PRINE
CLERK

FILED
Chris Daniel
District Clerk
MAY 13 2015
Time: 3:36 pm
Harris County, Texas
By_____ Deputy

Prophet Ronald Dwayne Whitfield, Appellant,

V.

Clear Lake Nissan, and
Big Star Honda, etal., Defendant.

RULE 20 MOTION TO PROSECUTE /
SUE OUT APPEAL AS INDIGENT,
Rule 20(a) WITH AFFIDAVIT IN SUPPORT

TO THE HONORABLE JUSTICES:

Comes Now Appellant,
Prophet Ronald Dwayne
Whitfield, Pro Se, and He
would Respectfully show:

I. Motion Rule 20

1. Prophet Ronald Dwayne
Whitfield, move to prosecute
file and prosecute this
lawsuit (i.e., appeal) without
cost, but for my poverty
do I move and I do believe —
in good faith belief — that
I am entitled to all the

As you can see, this had already been filed in trial court on decide but Justices. Now, we add four (4) other civil and criminal matters. new matters ( criminal ) I have to pay for the (criminal) as of today is not for me to would

relief sought herein.

FILED
Chris Daniel
District Clerk
MAY 15 2015
Time: _____
Harris County, Texas
By _____ Deputy

## II. AFFIAVIT

I, Ronald Dwayne Whitfield, pursuant to Rule 20(b)(1)-(12), am unemployed, as of Friday, 15 May 2015, A.D. 12. old debts, am unable to pay any costs whatsoever for the filing and prosecuting of this appeal / lawsuit; Mandamus I have no spouse; I own no real / personal property (other than clothes, ect.); but have car pay in bank account ($1,80.00), but otherwise am completely broke / destitute (unemployed) have no assests; / do not disclose debt to government; monthly expenses is high, may withdraw $100.00, but

such amount is for personal need, ect. no attorney is necessary; and I have no §k.11 to and access to equipment, as required by Rule 38.5(d)

DATED: 16 May 2015
/s/ Prophet Ronaldwn

NOW COMES Prophet Ronald Dwayne Whitfield, Pro Se, And He would Respectfully Show as follows:

FILED
Chris Daniel
District Clerk
MAY 08 2015
Time:_____ Harris County, Texas
By_____ Deputy

## I DEFINITION OF "REASON"

By definition, "a reason is a statement that explains to the reader [i.e., both the Prophet and Justices of the appellate court] why you [the Honorable Judge Baker] hold a position [for granting the above 'Motion to Compel Arbitration...'] and why the reader, too, should hold that position."

## II. Notice OF APPEAL

Notice is hereby given that the Plaintiff, Ronald Dwayne Whitfield, hereby appeals to the First/Fourteenth Court of Appeals of Texas from the "order" rendered, signed, entered (but not "issued"), dated April 29, 2015.

## III. MOTION TO PROTECT RIGHTS OF PARTIES

As the Justices of this court already know, "where there are legal rights there are duties."

Accordingly, Here, the Judge of the trial court has now signed an order based on an OPPOSED motion to Compel Arbitration And Stay Litigation ...."

In this case since no contract exists, much less the "validity" of one, having been put in issue, Our Prophet in no way can "assign" "[any] reversible error" made by the Judge of the lower court to which the might/may drave before this Court, to its Justices which they might/may "agree" ~~warrants~~ constitutes "reversible error."

Therefore, Prophet Ronald hereby move this O Honorable Court through its Justices to "render" an order that orders the Judge below to "favor" both our Prophet and the Justices in this case with any legal basis or legal reason for which the order above is based.

Our rules grant a "right" to appeal in Texas an adverse "interlocutory order." Such a right Contemplates a "meaningful appeal," at least in criminal cases.

Accordingly, as such, only now motion this Court, through its judicial officers, to render an order

granting our Last Prophet leave to sue out in this court the said order, as he is too poor to pay any costs associated with the lawsuit of appeal, but for His poverty does he so move.

This motion is made in "good faith" belief, adopts and incorporate the appellate rules concerning suing on appeal and the statutory law of "perjury," thus binding himself to the pains and penalties thereof and therefor —

that He is so poor that He is unable to pay but as a taxpayer — He "agrees" to pay over time.

Executed pursuant to Tex. Civ. Prac & Rem. Code § 132.001, et seq.

redated for 1st Thursday, August 6, 2015 *
Resigned      1st ~~Prophet Ronald Dwayne Whitfield~~
              1st ~~Prophet Ronald Dwayne Whitfield~~
              Prophet Ronald Dwayne Whittie

C "What is the specific appellate
rule in Texas to sue on
appeal, Rule 21?" my phone
is "dead," but this Court's
Justices memorizes appellate
Rules much better than
our prophet does ~~these~~
~~days~~! In Hell, He knew

all the rules by their number.
RE-
DATED AND
RE-SIGNED

* AS of Thursday, 6 August 2015
Appellant and Relator has over
$700.00 in Credit Union account, but
at time he applied for pauper status, he
~~was still too "poor" to pay, as~~ He
~~# by~~ dead" He means He
His battery is exhausted.

is still now.

This is NOT "dè jà vu."

CAUSE NO. 055724401010

THE STATE OF TEXAS     *    IN THE 176 TH DISTRICT COURT

VS.      *    OF HARRIS COUNTY, TEXAS

GREEN, CLIFTON EDMOND     *

## STATUTORY WARNING BY MAGISTRATE

### (UNDER ARTICLE 15.17 OF THE TEXAS CODE OF CRIMINAL PROCEDURE AS AMENDED)

ON THIS DAY GREEN, CLIFTON EDMOND
BLACK , MALE , 33 YEARS OF AGE, PERSONALLY APPEARED BEFORE ME IN THE CUSTODY OF I BAGBY
OF WESTSIDE , AND I GAVE SAID ACCUSED THE FOLLOWING WARNING

GREEN, CLIFTON EDMOND , YOU HAVE BEEN ACCUSED OF THE OFFENSE OF POSS COCAINE LT 28G-CRACK 4.

YOU HAVE THE RIGHT TO RETAIN COUNSEL, YOU HAVE A RIGHT TO REMAIN SILENT. YOU HAVE A RIGHT TO HAVE AN ATTORNEY PRESENT DURING ANY INTERVIEW WITH PEACE OFFICERS OR ATTORNEYS REPRESENTING THE STATE. YOU HAVE A RIGHT TO TERMINATE AN INTERVIEW WITH PEACE OFFICERS OR ATTORNEYS REPRESENTING THE STATE AT ANY TIME. YOU HAVE A RIGHT TO REQUEST THE APPOINTMENT OF COUNSEL IF YOU ARE INDIGENT AND CANNOT AFFORD COUNSEL, AND YOU HAVE A RIGHT TO HAVE AN EXAMINING TRIAL.

YOU ARE NOT REQUIRED TO MAKE ANY STATEMENT AND ANY STATEMENT YOU MAKE MAY AND PROBABLY WILL BE USED AGAINST YOU IN YOUR TRIAL.

YOUR BAIL IS SET AT $010000
(OR)
BAIL IS DENIED. IF A FORMAL COMPLAINT IS FILED AGAINST YOU, YOUR BAIL WILL THEN BE SET

ABOVE STATUTORY WARNING GIVEN BY THE UNDERSIGNED MAGISTRATE, HARRIS COUNTY TEXAS ON THE 4TH DAY OF MARCH , 1990.

I UNDERSTAND THE ABOVE WARNING.      MAGISTRATE
I FURTHER UNDERSTAND THAT I AM SCHEDULED TO APPEAR IN THE ABOVE COURT
ON THE DAY OF , 19__, AT 9:00A.M.

X _____
DEFENDANT

REMARKS -

FILED
RAY HARDY
District Clerk
MAR - 4 1990
Time: _____
Harris County, Texas
By _____ Deputy

CAUSE NO. 055716401010

THE STATE OF TEXAS                    *        IN THE 174 TH  DISTRICT COURT

VS.                                   *        OF HARRIS COUNTY, TEXAS

WHITEFIELD, RONALD DWAYNE             *

STATUTORY WARNING BY MAGISTRATE

(UNDER ARTICLE 15.17 OF THE TEXAS CODE OF CRIMINAL PROCEDURE AS AMENDED)

ON THIS DAY  WHITEFIELD, RONALD DWAYNE
BLACK   , MALE , 23 YEARS OF AGE, PERSONALLY APPEARED BEFORE ME IN THE
CUSTODY OF C. RAYBOULD
OF HPD         , AND I GAVE SAID ACCUSED THE FOLLOWING WARNING

WHITEFIELD, RONALD DWAYNE          , YOU HAVE BEEN ACCUSED OF THE
OFFENSE OF BURG VEHICLE

YOU HAVE THE RIGHT TO RETAIN COUNSEL, YOU HAVE A RIGHT TO REMAIN SILENT. YOU
HAVE A RIGHT TO HAVE AN ATTORNEY PRESENT DURING ANY INTERVIEW WITH PEACE OFFICERS
OR ATTORNEYS REPRESENTING THE STATE. YOU HAVE A RIGHT TO TERMINATE AN INTERVIEW
WITH PEACE OFFICERS OR ATTORNEYS REPRESENTING THE STATE AT ANY TIME. YOU HAVE A
RIGHT TO REQUEST THE APPOINTMENT OF COUNSEL IF YOU ARE INDIGENT AND CANNOT AFFORD
COUNSEL, AND YOU HAVE A RIGHT TO HAVE AN EXAMINING TRIAL.

YOU ARE NOT REQUIRED TO MAKE ANY STATEMENT AND ANY STATEMENT YOU MAKE MAY AND
PROBABLY WILL BE USED AGAINST YOU IN YOUR TRIAL.

YOUR BAIL IS SET AT $000000
(OR)
BAIL IS DENIED. IF A FORMAL COMPLAINT IS FILED AGAINST YOU, YOUR BAIL WILL
THEN BE SET

ABOVE STATUTORY WARNING GIVEN BY THE UNDERSIGNED MAGISTRATE, HARRIS COUNTY
TEXAS ON THE  3RD DAY OF    MARCH          , 1990

I UNDERSTAND THE ABOVE WARNING.                        MAGISTRATE
I FURTHER UNDERSTAND THAT I AM SCHEDULED TO APPEAR IN THE ABOVE COURT
ON THE __ DAY OF MAR 5 1990 , 19__, AT 9 00A.M.              F I L E D
X _Ronald Whitfield_                                         RAY HARDY
DEFENDANT                                                    District Clerk
                                                            MAR - 5 1990
                          832 817-4975                      Time: _____
REMARKS -                                                   Harris County, Texas
                                                            By _____ Deputy

CAUSE NO. 061771801010

THE STATE OF TEXAS &ast; IN THE 174 TH DISTRICT COURT

VS. &ast; OF HARRIS COUNTY, TEXAS

WHITFIELD, RONALD DWAYNE &ast;

## STATUTORY WARNING BY MAGISTRATE

(UNDER ARTICLE 15.17 OF THE TEXAS CODE OF CRIMINAL PROCEDURE AS AMENDED)

ON THIS DAY WHITFIELD, RONALD DWAYNE
BLACK , MALE , 25 YEARS OF AGE, PERSONALLY APPEARED BEFORE ME IN THE
CUSTODY OF V FRANKLIN
OF HPD , AND I GAVE SAID ACCUSED THE FOLLOWING WARNING

WHITFIELD, RONALD DWAYNE , YOU HAVE BEEN ACCUSED OF THE
OFFENSE OF BURG BLDG

YOU HAVE THE RIGHT TO RETAIN COUNSEL, YOU HAVE A RIGHT TO REMAIN SILENT. YOU HAVE A RIGHT TO HAVE AN ATTORNEY PRESENT DURING ANY INTERVIEW WITH PEACE OFFICERS OR ATTORNEYS REPRESENTING THE STATE. YOU HAVE A RIGHT TO TERMINATE AN INTERVIEW WITH PEACE OFFICERS OR ATTORNEYS REPRESENTING THE STATE AT ANY TIME. YOU HAVE A RIGHT TO REQUEST THE APPOINTMENT OF COUNSEL IF YOU ARE INDIGENT AND CANNOT AFFORD COUNSEL, AND YOU HAVE A RIGHT TO HAVE AN EXAMINING TRIAL.

YOU ARE NOT REQUIRED TO MAKE ANY STATEMENT AND ANY STATEMENT YOU MAKE MAY AND PROBABLY WILL BE USED AGAINST YOU IN YOUR TRIAL.

YOUR BAIL IS SET AT $000000
(OR)
BAIL IS DENIED. IF A FORMAL COMPLAINT IS FILED AGAINST YOU, YOUR BAIL WILL THEN BE SET

ABOVE STATUTORY WARNING GIVEN BY THE UNDERSIGNED MAGISTRATE, HARRIS COUNTY TEXAS ON THE 11TH DAY OF DECEMBER , 1991.

_____
MAGISTRATE

I UNDERSTAND THE ABOVE WARNING.

X_____
DEFENDANT

REMARKS -

THE STATE OF TEXAS
VS.

RONALD WAYNE WHITFIELD
...ure a'...castor
Houston, Tx.

SPN: NM 5-24-66
DOB:

00923986 (996)   N10923986

DATE PREPARED 3-16-89 BY ar   DA NO. 448
AGENCY: HPD   O/R NO. 21139289
NCIC CODE: 2300 33   ARREST DATE: TO BE

FELONY CHARGE: THEFT

RELATED CASES: EDWIN HENNESSEY

CAUSE NO.: 525468
HARRIS COUNTY DISTRICT COURT NO.: 337TH   3   BAIL $ 2,000.00   MAR 17 1989
PRIOR CAUSE NO.:

TO ANY PEACE OFFICER OF THE STATE OF TEXAS:

Complaint has been made by the undersigned affiant who says under oath that he has good reason to believe and does believe that in Harris County, Texas, RONALD WAYNE WHITFIELD

hereafter styled the Defendant, heretofore on or about _____ March 10, 1989 _____, did
then and there unlawfully

appropriate by acquiring and otherwise exercising control over property, namely, one television, one washer and one dryer, owned by IRA FAY WHITFIELD, hereafter styled the Complainant, of the value of over seven hundred fifty dollars and under twenty thousand dollars, with the intent to deprive the Complainant of the property, and without the effective consent of the Complainant.

PROBABLE CAUSE: Affiant, IRA FAY WHITFIELD, is a credible and reliable person reputably employed with no known criminal record. Affiant further states that the Defendant, RONALD WAYNE WHITFIELD, committed the offense of Felony Theft as alleged above on March 10, 1989 in Harris County, Texas. Affiant states that she left for work at 5:00 am on March 10, 1989 leaving defendant, RONALD WHITFIELD, present at her residence. Defendant RONALD DWAYNE WHITFIELD is the Complainant's son. When Affiant returned home at 8:30 am on March 11, 1989 she found her television, washer and one dryer missing. Later Affiant found a pawn slip in her residence which was dated March 10, 1989 and signed by Co-defendant, EDWIN HENNESSEY. On March 13, 1989, defendant contacted Affiant and admitted to taking the items and selling then to pay off drug debts. Affiant did not give co-defendants her consent to remove the items which are valued at $750 and under $20,000.

UNEXECUTED

RECORDER'S MEMORANDUM:
At the time of recordation, this instrument was found to be inadequate for the best photographic reproduction because of illegibility, carbon or photo copy, discolored paper, etc. All blockouts, additions and changes were present at the time the instrument was filed and recorded.

AGAINST THE PEACE AND DIGNITY OF THE STATE.

Sworn to and subscribed before me on 3-16-89

_____   _____
AFFIANT                    ASSISTANT DISTRICT ATTORNEY OF HARRIS COUNTY, TEXAS.

COMMITMENT
THEREFORE you are commanded to retain custody of the Defendant and bring him before the court named above to answer the above charge. Return this writ and indicate below how it was executed. Bail is set as indicated above. Given my hand on

WARRANT
THEREFORE you are commanded to arrest the Defendant and bring him before the court named above to answer the above charge. Return this writ and indicate below how it was executed. Bail is set as indicated above. Given my hand on MAR 17 1989

_____
MAGISTRATE OF HARRIS COUNTY, TEXAS.

B/   WRIT RECEIVED MAR 17 1989 _____ 19_____, and EXECUTED _____ 19_____
arresting the Defendant and (1) placing him in jail in Harris County, Texas, or (2) taking his bond (cross out inapplicable action).

How could my mother sue me
Criminally, since we both
were joint-owners of our
Property? She may could have
sued me Criminally. Had I
an attorney appointed while
magistrate performed 4th Amend. Duties...

State of Texas.

vs.

Ronald O. Whitfield

## Motion To Withdraw

Comes Now the undersigned counsel and moves the Court as follows:

I.

That counsel is unable to render effective assistance of counsel because of his clients systematic refusal to assist counsel in his own defense, including his unwillingness to proceed with a plea bargain agreed to by the State.

WHEREFORE, PREMISES CONSIDERED, Counsel respectfully prays to be allowed to withdraw as representative of defendant, Ronald Whitfield.

Respectfully Presented,

Ronald B. Moore III
5403 Jackson
Houston, Texas
713-665-2947
Bar No. 14388100

FILED
RAY HARDY
District Clerk
JUL 05 1989
Time: _____
By _____ Deputy

(F)   P.11

BUYER'S TAG RECEIPT - BUYER'S COPY

THIS IS THE BUYER'S TAG NUMBER: 70C6976
THIS IS THE EXPIRATION DATE: 03-15-2015

DATE OF SALE: 01-14-2015

Issue Date: 01-14-2015
VIN: 3CZRM3H32EG714673

Year: 2014
Make: HONDA
Model: CRV
Body Style: UTILITY TL

Major Color: BLACK
Minor Color:

Remarks: No Remarks found for vehicle.

Issuing Dealer: Big Star Honda
Dealer Number: P119895

Owner #1 Name: RONALD WHITFIELD
Owner #1 Street Address: 7522 LASALETTE, HOUSTON, 77021

Owner #2 Name:
Owner #2 Street Address:

BUYER is required to keep this receipt in the vehicle until vehicle is registered and metal plates are placed on the vehicle.

Complaints should be directed to the Texas Department of Motor Vehicles, Enforcement Division, 4000 Jackson Avenue, Bldg 1, Austin, Texas, 78731 or file a complaint at http://www.txdmv.gov/dealers/complaints.htm

BUYER'S COPY

Received
Mailed 19 Feb

Mailed 19 Feb
Feb.
11896

20,55

3/17/15

VS.

Ronald D. Whitfield
4115 Castor
Houston, Tx.

SPN: 00923986/994
DOB: BM/5-24-66

DATE PREPARED: 2-10-91 BY: vf DA NO.: 517
AGENCY: HPD O/R NO.: 130921091
NCIC CODE: 2200 97 ARREST DATE: 12-10-91

FELONY CHARGE:
BURG. BLDG.

RELATED CASES:

CAUSE NO.: 617718
HARRIS COUNTY DISTRICT COURT NO.: 174

BAIL $ NO BOND
PRIOR CAUSE NO.:

TO ANY PEACE OFFICER OF THE STATE OF TEXAS:

Complaint has been made by the undersigned affiant who says under oath that he has good reason to believe and does believe that in Harris County, Texas,

RONALD DWAYNE WHITFIELD

hereafter styled the Defendant, heretofore on or about __DECEMBER 10, 1991__, did then and there unlawfully

with intent to commit theft, enter a building not then open to the public, owned by EDYTHE KREJCI, a person having a greater right to possession of the building than the Defendant, and hereafter styled the Complainant, without the effective consent of the Complainant, namely, without any consent of any kind.

vol.

170 164

Memorandum of Harris 170 156
County Grand Juries True Bills/and/or
No Bills

Pursuant to Section

74.056, Tex. Gov't
Code

assignment.

Second Administrative
Judicial Region
order of Assignment by Presiding Judge

FILED
KATHERINE TYRA
DISTRICT CLERK
1991 DEC 13 AH 12: 52

AGAINST THE PEACE AND DIGNITY OF THE STATE.

Sworn to and subscribed before me on __December 10, 1991__

AFFIANT

ASSISTANT DISTRICT ATTORNEY OF HARRIS COUNTY, TEXAS.

COMMITMENT

THEREFORE you are commanded to retain custody of the Defendant and bring him before the court named above to answer the above charge. Return this writ and indicate below how it was executed. Bail is set as indicated above. Given my hand on __DEC 11 1991__

WARRANT

THEREFORE you are commanded to arrest the Defendant and bring him before the court named above to answer the above charge. Return th writ and indicate below how it was executed. Bail is set as indicate above. Given my hand on

MAGISTRATE OF HARRIS COUNTY, TEXAS.

A8 WRIT RECEIVED __12-11__ 19_91_, and EXECUTED __12-11__ 19_91_

by arresting the Defendant and (1) placing him in jail in Harris County, Texas, or (2) taking his bond (cross out inapplicable action).

By __R. Luce 650 495__

492674
52546 8
52885 6

CAUSE NO. 557164 CHARGE Burg Veh.
617718 337th 351st 174

THE STATE OF TEXAS

DISTRICT COURT
OF HARRIS COUNTY, TEXAS.

VS.

Ronald D. Whitefield

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes Ronald D. Whitefield, defendant in the above styled and numbered cause, and respectfully petitions the Court to appoint counsel to represent him in said felony cause and would show to the Court that he is too poor to employ counsel.

X Ronald Whitfield
Defendant

Sworn to and subscribed before me on this, the 5th day of March A.D. 19

RAY HARDY, District Clerk,
Harris County, Texas

By: _____ Deputy

## ORDER APPOINTING COUNSEL

On this, the 5th day of March, A.D. 19 90, it appearing to the Court that the above named defendant has executed an affidavit stating that he is without counsel and is too poor to employ counsel, it is ordered that the attorney listed below is appointed to represent the above named defendant in said cause.

Allen Tanner
Attorney

1001 Texas
Address

TX 77002
City         State         Zip

225-1100
Phone

1963700
BAR #

FILED
MAR 5 1990
Time: _____
By: _____ Deputy

It is further ordered that the said cause is set for: _____

on the _____ day of _____, 19 ___, at 9:00 A.M.

Signed this 5th day of March, A.D. 19 90.

_____
Judge Presiding

DISTRICT CLERK

NOW, I MUST BE THE ONLY PROPHET
EVER TO BUY TWO NEW CARS IN SAME NIGHT...

## BUYER'S TAG RECEIPT - DEALER'S COPY

THIS IS THE BUYER'S TAG NUMBER:  70C6976  DATE OF SALE:  01-14-2015

**THIS IS THE EXPIRATION DATE:**  **03-15-2015**

Give buyer's receipt to buyer. PLACE THIS DEALER'S COPY IN SALES FILE. It is part of the sales records required to be kept and subject to inspection by the department. Verify this information before distributing copies:

| Issue Date | VIN | Year | Make | Model | Body Style |
|---|---|---|---|---|---|
| 01-14-2015 | 3CZRM3H32EG714673 | 2014 | HONDA | CRV | UTILITY TL |

Major Color  Minor Color
**BLACK**

Remarks  **No Remarks found for vehicle.**

Issuing Dealer  Dealer Number
**Big Star Honda**  **P119895**

Owner #1 Name  Owner #1 Street Address
**RONALD WHITFIELD**  **7522 LASALETTE, HOUSTON, 77021**

Owner #2 Name  Owner #2 Street Address

DEALER'S COPY

CAUSE NUMBERS
492674, 525468, 528856, 557164 and
617718

STATE OF TEXAS

V.

Prophet Ronald Dwayne Whitfield

174th
337th and       IN THE
351st   DISTRICT COURT
OF HARRIS COUNTY, TEXAS
motion FOR HEARING AND

Defendant's AND
STATE'S MOTIONS FOR
Tex. R. APP. Proc., Rule
23, FOR JUDGMENT
NUNC PRO TUNC
AND ENTRY IN THE MINUTES
THEREFOR

TO THE JUDGE OF SAID COURT;
TO ACLU!

To U.S. Congress!

To U.S. Congresswoman Sheila Jackson-Lee!

To American National and local News media!

TO: U.S. President and Vice-President

TO: President - and Vice-President Elect!

TO: Gov. State of Texas!

TO: All state of Texas Senators and Representatives!

TO: Texas Attorney General

TO All Watchdog Groups!


Prophet Ronald Dwayne Whitfield, so-called Defendant, move for New Rule * Judgment Nunc Pro Tun in the cases referenced above and then for entry thereof into the minutes of the Court.

* Current Rules of Texas Rules Appellate Procedure may now be applicable.

Judges of said Courts, although this ~~that~~ day our Prophet has caused appellate court clerks of our First and fourteenth court of appeals to file (a Practioner files himself/herself nothing, the clerk _does_) a petition for writ of Mandamus, Swift action by you judges will render that proceeding "moot."

In support of His motion, our Prophet incorporates herein Jones v. State, 795 S.W.2d 199 and Wilson v. State, 677 S.W.2d 518 as his initial and final ARGUMENTS.

Those cases cite Moore v. State, 245 S.W.2d 491. See, also, Lanier v. State, 268 S.W.2d 129.

<u>WACTH THIS</u>

"[T]he 'Nunc Pro Tunc order' reflects the following: 'The Court further finds that a correct judgment and ~~sentence~~ was <u>entered</u> by the trial court on December 19, 1979, but ~~was that~~ incorrectly ~~entered~~ ~~on~~ in the minutes of the Court...' To read this portion of the order literally would allow for an unwarranted contradiction

to take place. We do not do so because we find that it was obvious that the first 'entered' should have instead been "rendered.""

Read the opinion on; it goes on to explain the <u>legal</u> definition of what a judgment is and cites Moore v. State, 245 S. W. 2d 491.

watch
the opinion
in Moore v.
State

WATCH MOORE THIS V. STATE CONTRADICT ITSELF in using "entered" for "rendered"; one must slow down or else too make some unwarranted contradiction.

"Appellant, for the first time ~~by~~ by his motion for rehearing [waited to see what our court would do, and having acted to rule against him, now] insists no final judgment has been entered in this case [like our Prophet Ronald does here] and that, for this reason, the appeal [in whitfield v. State, 01-92-00617-CR] should be dismissed.

"The transcript [clerk's record] contains [as here] what, upon its face, purports to be a judgment of the court [below us] showing that

appellant [ here also showing that our LAST Prophet ] was duly tried and convicted [ of a violation of Texas Penal Code, and not convicted for being in love with our one and only 'REAL' God ] ~~was~~ ~~duly~~ by a jury [ and in the other matters by his very own pleas of guity ], upon which the trial court [ i.e., its Judges ] entered [ sic; the writer mmeant, 'rendered' ] judgment. As it appears in the transcript, the judgment does not show [ as here in Prophets' 'legal matters' ] to have been entered in the

minutes of the court.

"Accompanying the motion for rehearing [ like He does in the appellate court now ] is the certificate [ but the court already has the certified record ] of the county [ here, the District ] clerk certifying that the judgment had not been entered in the minutes of the court but, by inadvertence [ as here ], had been omitted from such record.

"It is apparent, therefore, that a judgment has not been entered of record in

the minutes of the court in this case. 'Entered of record,' as applied to a judgment in a <u>criminal</u> case, means 'entered in the minutes of the court.' The case of Ellis V. State, 140 Tex. Cr. R. 339, 145 S.W. 2d 176, appears to be here controlling; it was there held [ as it would be here held ] that a [ mere ] docket entry in a misdemeanor case [ and one case here too is a misdemeanor and it ] did not <u>constitute</u> a judgment entered of record.

"Appellant [ and our Last Prophet'S ] motion for rehearing [ and for judgment Nunc Pro tunc ] is granted; the [ prior ] opinion theretofore rendered in this case is withdrawn; and the appeal is now dismissed."

" Opinion approved by the court."

## CONCLUSION

BUT keep in mind, a *correct* Jones, Supra, held that a judgment may be now "rendered" nunc pro tunc if,

in fact, an judgment previously *incorrect*
had been entered. But if no
judgment had been rendered
at all, then no judgment
may ever be "rendered"

nunc pro tunc. The current
appellate rules, therefore,
but were not in effect
at time of these five
(5) cases, mistakenly uses
"render" for "enter." Thus
the rules meant a judg-
ment may be "entered"
nunc pro tunc.

Here, the only remedy
is to grant a new
trial, under the former
rules. Then Prophet ~~Ross~~

o o o
Dated July 31 2015  /s/ Prophet Ross

Likewise, although there are Judgments circulating (like money circulates) showing higher courts, president of U.S. Gov., ect. that our Last Prophet had been convicted of offenses in the State of Texas, the Clerk of the Courts from which they purport to be KEPT, has no "record" of them entered in the minutes.

Thus they are not Judgments.

# AFFIDAVIT

I, Prophet Ronald Dwayne Whitfield, declare the above and foregoing is true and correct and not misleading

(S) Prophet

dated July 31, 2015

If a judge be found with twenty (20) twenty (20) dollar bills in U.S. currency and government have no record of the serial numbers thereon those $20 bills, judge could be prosecuted for being in possession of counterfeit money.

of a writ of mandamus 2 (an order to Respondents to respond to the petition itself) and for the ~~granting relief~~ thereunder it, as well as the civil cases on appeal, which, this morning, I discovered will have to be dismissed for want of jurisdiction.

~~With kindest~~

Justice of First Court of Appeals, 01-92-00617-CR motions for reconsideration en Banc and for rehearing include Moore v. State 245 S.W.2d 491 and Lanier v. State 268 S.W.2d 129 (1954).

Since "No judgment appears to have been entered in the minutes, in the absence of which the appeal must be dismissed." ... Moore V. State, 245 S.W.2d 491 Any filing of *another* notice of appeal would have to be dismissed, not as untimely, but because "no final judgment has been entered in this case."

clerk, please file, set and present same to the courts for their Justices to adjudicate.

(S) Prophet Perry